# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the December 8, 2007 "Undefeated"; Mayweather/Hatton Event, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MANDELL FAMILY VENTURES, LLC, Individually and d/b/a GREENVILE AVENUE PIZZA COMPANY and SAMUEL J. MANDELL, III, Individually and d/b/a GREENVILLE AVENUE PIZZA COMPNAY, | § § § § § § § | |
| Defendants, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-02489-BF |
| TIME WARNER NY CABLE, LLC d/b/a/ TIME WARNER CABLE, | § § § § | |
| Third Party Defendant. | § § | |

## THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC
## d/b/a TIME WARNER CABLE'S MOTION TO DISMISS THIRD PARTY COMPLAINT
## IN FAVOR OF ARBITRATION

Third Party Defendant Time Warner NY Cable, LLC d/b/a Time Warner Cable ("Time Warner Cable") hereby respectfully submit this Motion to Dismiss Third Party Complaint in Favor of Arbitration. By this motion, Time Warner Cable asks the Court to dismiss the third party complaint filed by Defendants Mandell Family Ventures, LLC, Individually and d/b/a Greenville Avenue Pizza Company and Samuel J. Mandell, III, Individually and d/b/a Greenville

**THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC**              **PAGE 1**
**d/b/a TIME WARNER CABLE'S MOTION TO DISMISS THIRD PARTY COMPLAINT**
**IN FAVOR OF ARBITRATION**
4830-2882-4591/02159-202

Avenue Pizza Company (collectively, "Defendants"), without prejudice to the refilling of those claims in accordance with the arbitration provisions of their agreement with Time Warner Cable. In support whereof, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), Time Warner Cable would show the Court as follows.

## I.  BACKGROUND

On September 20, 2007, Time Warner Cable and Defendants entered into the Commercial Services Agreement (the "Agreement"), through which Time Warner Cable agreed to provide cable television service to Defendants. (*See* App. at 1-2.) Pursuant to Paragraph 8 of the Agreement, the parties incorporated the Time Warner Cable Commercial Service Agreement Terms and Conditions (the "Terms and Conditions") into their Agreement. (*See* App. at 2.) The Terms and Conditions included the following arbitration provision:

> Except for claims for injunctive relief as described below, any past, present or future controversy or claim arising out of or related to this agreement shall be resolved by binding arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, including, if applicable, the supplementary procedures for the resolution of consumer related disputes. Consolidated or class action arbitrations shall not be permitted. The arbitration of any dispute or claim brought under or in connection with this agreement shall not have the power to award injunctive relief; injunctive relief may be sought solely in an appropriate court of law.  No claim subject to arbitration under this agreement may be combined with a claim subject to resolution before a court of law. The arbitrability of disputes shall be determined by the arbitrator.  Judgment upon an award may be entered in any court have competent jurisdiction.  If any portion of this section is held to be unenforceable, the remainder shall continue to be enforceable.

(App. at 16 (all capitals removed).)  Defendant Samuel J. Mandell, III both individually and as the corporate representative of Mandell Family Ventures, LLC, testified that Defendants agreed to be bound by this arbitration provision.  (*See* App. at 26-28.)

On November 11, 2011, Defendants filed their Third Party Complaint against Time Warner Cable, in which Defendants allege that Time Warner Cable breached the Agreement and

**THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC**                                       **PAGE 2**
**d/b/a TIME WARNER CABLE'S MOTION TO DISMISS THIRD PARTY COMPLAINT**
**IN FAVOR OF ARBITRATION**
4830-2882-4591/02159-202

made fraudulent statements to Defendants in connection with the provision of services pursuant to the Agreement. (*See* Defs.' Third Party Compl. at 3-5 (Doc. 18).) On April 5, 2012, the extended answer deadline to which the parties had agreed, Time Warner Cable filed its Original Answer to Defendants' Third Party Complaint. Time Warner Cable now moves to dismiss Defendants' claims in favor of the contractually agreed arbitration before the American Arbitration Association.

## II.   ARGUMENT

Due to the express agreement of the parties, the Federal Arbitration Act (the "FAA") requires Defendants to arbitrate their third party claims against Time Warner Cable. *See* 9 U.S.C. § 3 (providing that a written agreement to arbitrate claims arising out of a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"); *see also, e.g., Volt Info. Sci. v. Stanford Univ.*, 489 U.S. 468, 476 (1989) (holding that parties "are generally free to structure their arbitration agreements as they see fit"). The existence of the arbitration provision in the Agreement creates a federal presumption in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercuty Constr. Corp.*, 460 U.S.1, 24-25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Because Defendants third party claims fall within the scope of the Agreement's arbitration provision, the Court has no discretion to deny a request to arbitrate. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

**THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC**     **PAGE 3**
**d/b/a TIME WARNER CABLE'S MOTION TO DISMISS THIRD PARTY COMPLAINT**
**IN FAVOR OF ARBITRATION**
4830-2882-4591/02159-202

Because all of Defendants counterclaims and third party claims are subject to arbitration, the Court can and should dismiss Defendants' third party complaint. *See Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992). In the alternative to complete the dismissal of those claims, however, the FAA also authorizes the Court to say the third party claims until they have been determined in accordance with the parties' arbitration and dispute resolution agreement. *See* 9 U.S.C. § 3; *Alford*, 975 F.2d at 1164. In neither event, however, should the Court permit Defendants to proceed with their third party claims in the courtroom, rather than in arbitration.

## III.   CONCLUSION

For the foregoing reasons, Time Warner Cable respectfully requests that the Court enter an order dismissing Defendants' third party claims without prejudice to refilling in accordance with the terms of the parties' agreement to arbitrate. In the alternative, Time Warner Cable respectfully requests that the Court enter an order staying the third party claims so that they may be resolved in accordance with the requirements of the parties' agreement. Finally, Time Warner Cable respectfully requests all alternative and additional relief to which the Court may determine it is justly entitled.

Dated: June 20, 2012                                       Respectfully submitted,

                                           */s/ Elizabeth Y. McElroy*
                                           John T. Cox III
                                           Texas Bar No. 24003722
                                           Elizabeth Y. McElroy
                                           Texas Bar No. 24067758
                                           **LYNN TILLOTSON PINKER & COX, LLP**
                                           2100 Ross Avenue, Suite 2700
                                           Dallas, Texas  75201
                                           (214) 981-3800 Telephone
                                           (214) 981-3839 Facsimile

                                           **ATTORNEYS FOR THIRD PARTY**
                                           **DEFENDANT TIME WARNER NY CABLE,**
                                           **LLC d/b/a TIME WARNER CABLE**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that true and correct copies of *Third Party Defendant Time Warner NY Cable, LLC d/b/a Time Warner Cable's Motion to Dismiss Third Party Complaint in Favor of Arbitration* were duly served upon all parties listed below by electronic service on June 20, 2012.

| *Via ECF* | *Via ECF* |
|---|---|
| Andrew R. Korn | William J. Dunleavy |
| David M. Diaz | LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C. |
| KORN, BOWDICH & DIAZ, L.L.P. | 8140 Walnut Hill Lane |
| 4221 Avondale Avenue | One Glen Lakes, Suite 950 |
| Dallas, Texas 75219 | Dallas, Texas 75231 |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANTS |

                                           */s/ Elizabeth Y. McElroy*
                                           Elizabeth Y. McElroy

**THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC**                    **PAGE 5**
**d/b/a TIME WARNER CABLE'S MOTION TO DISMISS THIRD PARTY COMPLAINT**
**IN FAVOR OF ARBITRATION**
4830-2882-4591/02159-202

| | |
|---|---|
| Filename: | TWC's Motion to Compel Arbitration |
| Directory: | C:\Users\omartinez\Documents |
| Template: | C:\Users\omartinez\AppData\Roaming\Microsoft\Templates\Normal.dotm |
| Title: | |
| Subject: | |
| Author: | Elizabeth McElroy |
| Keywords: | |
| Comments: | |
| Creation Date: | 6/20/2012 9:16:00 AM |
| Change Number: | 6 |
| Last Saved On: | 6/20/2012 3:34:00 PM |
| Last Saved By: | Elizabeth McElroy |
| Total Editing Time: | 4 Minutes |
| Last Printed On: | 6/20/2012 4:39:00 PM |

As of Last Complete Printing
   Number of Pages: 5
   Number of Words:   1,156 (approx.)
   Number of Characters:   6,595 (approx.)