IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the December 8, 2007 "Undefeated"; Mayweather/Hatton Event, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MANDELL FAMILY VENTURES, LLC, Individually and d/b/a GREENVILE AVENUE PIZZA COMPANY, et al., | § § § § § | |
| Defendants, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-02489-BF |
| TIME WARNER NY CABLE, LLC d/b/a/ TIME WARNER CABLE, | § § § § | |
| Third Party Defendant. | § § | |

**THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC
d/b/a TIME WARNER CABLE'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THIRD PARTY COMPLAINT IN FAVOR OF ARBITRATION**

Third Party Defendant Time Warner NY Cable, LLC d/b/a Time Warner Cable ("Time Warner Cable") hereby respectfully submits this Reply in Support of Its Motion to Dismiss Defendants' Third Party Complaint in Favor of Arbitration. By its motion, Time Warner Cable asks the Court to dismiss the third party complaint filed by Defendants Mandell Family Ventures, LLC, Individually ("Greenville Avenue Pizza") and d/b/a Greenville Avenue Pizza Company and Samuel J. Mandell, III, Individually and d/b/a Greenville Avenue Pizza Company ("Mandell") (collectively, "Defendants") in favor of arbitration. This Motion can be granted

without meaningful objection as to Greenville Avenue Pizza, as it concedes that it agreed to arbitrate all of its claims against Time Warner Cable. As to Mandell, the motion is somewhat more complicated, but should likewise lead to arbitration.

## I.   INTRODUCTION

In response to Time Warner Cable's Motion to Dismiss, Defendants concede that Greenville Avenue Pizza is bound by the Agreement's arbitration provision. But Defendants contend, without citation to any authority, that Mandell is not subject to the Agreement's arbitration provision and that Time Warner Cable waived its right to arbitrate Defendants' claims. These arguments are wrong for four reasons. *First*, by filing suit on the parties' Agreement, Mandell subjected himself to all of the Agreement's provisions, including the arbitration provision. *Second*, all of Defendants' claims against Time Warner Cable fall within the scope of the Agreement's arbitration provision. *Third,* arbitration will not prejudice Defendants. *Finally*, in no way did Time Warner Cable waive its right to arbitrate Defendants' claims and Defendants have not proved otherwise. Accordingly, the Court should dismiss Defendants' claims in favor of arbitration with the American Arbitration Association or, alternatively, stay the litigation against Time Warner Cable.

## II.   REPLY ARGUMENTS

**A.   Greenville Avenue Pizza Is Undisputedly Bound by the Arbitration Provision.**

Defendants do not dispute that Greenville Avenue Pizza agreed to arbitrate its claims against Time Warner Cable. In response to Time Warner Cable's Motion to Dismiss, Greenville Avenue Pizza did not offer any argument that it is not bound by the parties' arbitration agreement. (*See* Defs.' Resp. at 21-22 (arguing that there is no arbitration agreement between Plaintiff J&J Sports Productions, Inc. ("J&J Sports") and Defendants and no arbitration

agreement between Time Warner Cable and Mandell, but not disputing that there is a valid arbitration agreement between Time Warner Cable and Greenville Avenue Pizza).) Moreover, Greenville Avenue Pizza's corporate representative testified that Greenville Avenue Pizza agreed to the arbitration provision and is bound by its terms. (*See* App. at 26-28.) Accordingly, the Court must hold that Greenville Avenue Pizza is bound by the parties' arbitration agreement.

### B.   Mandell Is Bound by the Arbitration Provision.

Mandell sued Time Warner Cable for breach of contract, fraud, and indemnification. But in defending against Time Warner Cable's Motion to Dismiss, Mandell claims that he has no relationship with Time Warner Cable. Mandell cannot have it both ways. Either his claims should be dismissed pursuant to Time Warner Cable's Motion for Summary Judgment, filed June 20, 2012, or Mandell should be required to litigate his claims through arbitration.

Importantly, while a non-signatory cannot receive rights under a contract by wrongfully suing on it, a non-signatory can be held to some of the obligations of the contract, including arbitration provisions. Under Texas law, when a litigant sues on a contract, the litigant subjects itself to the contract's terms, including the contract's arbitration provision, regardless of whether the litigant signed the contract. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755-56 (Tex. 2001) (holding that non-signatories to a contract bound themselves to the contract's arbitration provision when the non-signatories brought suit on the contract and the petition made no distinction between the claims of the non-signatories and the signatory); *see also In re Weekly Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (citations omitted) (stating that under the Federal Arbitration Act ("FAA"), when determining whether a litigant agreed to arbitrate its claims, courts generally look to state law to determine whether a litigant agreed to the arbitration provision); *Sherer v. Green Tree Servcing LLC*, 548 F.3d 379, 382-83 (5th Cir. 2008) (noting

that courts look to various theories of contract and agency law "to determine a nonsignatory's rights and duties under and arbitration clause").

Here, like the non-signatories in *In re FirstMerit Bank*, Mandell filed suit against Time Warner Cable based on the Agreement. 52 S.W.3d at 755-56. Specially, Mandell, along with co-defendant Greenville Avenue Pizza, pled that Time Warner Cable "breached the agreement because it was apparently not authorized to sell the pay per view event to Greenville Avenue Pizza." (*See* Defs.' Compl. at 4, ¶¶ 20-23.) Mandell also claimed that the alleged breach caused Mandell damages. (*See* Defs.' Compl. at 4, ¶¶ 20-23.) Like the non-signatories in *In re FirstMerit Bank*, Mandell fully joined in co-defendant and signatory Greenville Avenue Pizza's claims and made no distinction between his individual claims and Greenville Avenue Pizza's claims. *Id.* (*See generally* Defs.' Compl.) By filing suit based on the Agreement, Mandell subjected himself to the Agreement's terms, including the arbitration provision. The Court should accordingly hold that Mandell is bound by the Agreement's arbitration provision.

**C.     Defendants' Claims Fall within the Arbitration Provision.**

Because both Defendants are bound by the Agreement's arbitration provision, the Court must determine whether Defendants' claims fall within the arbitration provision. *See Texaco Exploration & Prod. Co. v. AmClyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 909 (5th Cir. 2001) (noting that the district court must "first determine whether there is a written agreement to arbitrate between the parties, and then whether any of the issues raised are within the reach of the agreement") (citation omitted). A review of Defendants' claims indicates that they all fall within the Agreement's arbitration provision.

Here, the arbitration provision provides that "any past, present or future controversy or claim *arising out of or relating to this agreement . . .* " will be subject to arbitration. (App. at 16

(all capitals removed and emphasis added).) Defendants asserted two specific claims against Time Warner Cable: (1) breach of contract and (2) fraud. (*See* Defs.' Compl. at 3-5.) Through their breach of contract claim, Defendants claim that Time Warner Cable breached the Agreement. (Defs.' Compl. at 3, ¶ 20.) Accordingly, the breach of contract claim necessarily arises out of and relates to the Agreement, and is therefore subject to arbitration.

Through their fraud claim, Defendants assert that in connection with the sale of a pay-per-view event, Time Warner Cable should have notified Defendants of J&J Sports and of J&J Sports' "claim to be a broadcast licensee of the pay per view event sold to Greenville Avenue Pizza Company." (Defs.' Compl. at 5, ¶ 28.) This fraud claim arises directly out of Greenville Avenue Pizza's purchase of pay-per-view event from Time Warner Cable. Greenville Avenue Pizza would not have been able to purchase that event from Time Warner Cable absent the Agreement, through which Time Warner Cable provided television service to Greenville Avenue Pizza. Accordingly, Defendants' fraud claim arises from and relates to the Agreement and is also subject to the arbitration provision.

Finally, although not pled as a claim, Defendants also asserted that "they are entitled to recover contribution and/or indemnification from" Time Warner Cable for "all damages, penalties, expenses, attorney's fees and costs that may be awarded in any judgment for Plaintiff J&J Sports against" Defendants. (Defs.' Compl. at 1, ¶ 2.) Like their breach of contract and fraud claims, any contribution or indemnity claim by Defendants also arises from or relates to the Agreement, as the claim stems from Time Warner Cable's sale of the pay-per-view event to Greenville Avenue Pizza. That sale would not have occurred absent the Agreement.

Because all of Defendants' claims arise from or relate to the Agreement, all of Defendants' claims are subject to the arbitration provision and the Court should dismiss Defendants' third party complaint in favor of arbitration.

### D. Compelling Arbitration Will Not Prejudice Defendants.

Defendants assert that the Court cannot compel Defendants' to arbitrate their claims against Time Warner Cable because (1) J&J Sports and Defendants did not agree to arbitrate J&J Sports' claims and (2) Mandell and Time Warner Cable did not agree to arbitrate Mandell's claims. Neither of these arguments, however, prevents this Court from granting Time Warner Cable's motion.

It is well-settled that a court cannot deny a motion to compel arbitration merely because the lawsuit involves some claims or parties that are not subject to the arbitration agreement. *E.g., KPMG LLP v. Cocchi*, ___ U.S. ___, 132 S. Ct. 23, 24 (2011) ("A court may not issue a blanket refusal to compel arbitration merely on the grounds that some of the claims could be resolved by the court without arbitration."); *Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, 97 F. App'x 462, 466 (5th Cir. 2004) ("[T]he law is clear that 'an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.'") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, 103 S. Ct. 927 (1983)). The court must thus "examine with care the complaints seeking to invoke [its] jurisdiction in order to separate arbitrable from nonarbitrable claims." *KPMG LLP*, 132 S. Ct. at 24. If, after reviewing the claims, the court determines that some claims are subject to arbitration and some are not, the court must grant the motion to compel as to those claims that are subject to arbitration, regardless of whether such action will result in piecemeal litigation. *E.g., Tristar,* 97 F. App'x at 466 ("The FAA not only

**THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC**        **PAGE 6**
**d/b/a TIME WARNER CABLE'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS THIRD PARTY COMPLAINT IN FAVOR OF ARBITRATION**
4830-2882-4826-6631-4512

contemplates piecemeal litigation, but '*requires* piecemeal resolution when necessary to give effect to an arbitration agreement.'") (quoting *Moses*, 460 U.S. at 20) (emphasis in original); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S. Ct. 1238 (1985) ("The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is 'piecemeal' litigation . . . ."). Moreover, any prejudice to a party that results from piecemeal litigation is overcome by a "strong bias in favor of arbitration." *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 393 (5th Cir. 2006) (citation omitted).

Here, the Court should compel both Defendants to arbitrate their claims against Time Warner Cable even if that results in J&J Sports' pursuit of its claims in this Court and Defendants' pursuit of their claims in arbitration. Additionally, even if the Court finds that some or all of Mandell's claims are not subject to arbitration, the Court should still compel Greenville Avenue Pizza to pursue its claims against Time Warner Cable in arbitration, as Greenville Avenue Pizza does not dispute that it agreed to do so.

**E.     Time Warner Cable Did Not Waive the Agreement's Arbitration Provision.**

Without citation to any authority, Defendants contend that Time Warner Cable waived its right to arbitration. But a review of applicable law and the facts of this case clearly demonstrate that assertion is false.

As the partys claiming waiver, Defendants bear a heavy burden to establish any waiver of the arbitration provision. *E.g., Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002). "'There is a strong presumption against' a finding that party waived its contractual right to arbitrate, and 'any doubts thereabout must be resolved in favor of arbitration.'" *Id.* (quoting *Texaco, Inc.*, 243 F.3d at 911). Ordinarily, a party waives its right to

arbitration when it pursues arbitration as a fallback position only after having first unsuccessfully attempted to litigate its claims. *See id.* (citing *Texaco*, 243 F.3d at 911) A party can also waive its right to arbitrate by engaging in some overt act that "evidences a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (internal quotations omitted) (citing *Texaco*, 243 F.3d at 911).

However, a party does not waive its right to arbitrate by filing a motion for summary judgment from a defensive posture, as such filing cannot be characterized as an invocation of the judicial process. *E.g., Keytrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005). Moreover, when a party files a defensive motion for summary judgment concurrently with its motion to compel arbitration, the party "remov[es] any doubt as to waiver." *Id.* at 897-98. Additionally, when a party includes a demand for arbitration in its answer, there is a particularly strong presumption against waiver and "the burden of proof then 'falls even more heavily on the party seeking to prove waiver.'" *E.g., Steel Warehouse Co., Inc. v. Abalone Shipping Ltd. of Nicosal*, 141 F.3d 234, 238 (5th Cir. 1998) (quoting *Sw. Indus. Import & Export, Inc. v. Wilmond Co.*, 524 F.2d 468, 470 (5th Cir. 1975)). Finally, even the combination of actions such as answering a complaint, filing a counterclaim, attempting to implead parties, and taking two depositions before demanding arbitration does not constitute waiver. *Gen. Guar. Ins. Co. v. New Orleans Gen. Agency Inc.*, 427 F.2d 924, 928-29 (5th Cir. 1970).

Importantly, a waiver of arbitration through litigation in court can only be found where the party seeking arbitration has both substantially invoked the judicial process *and* the other party has suffered prejudice as a result. *See In re Mirant Corp.*, 613 F.3d 584, 591 (5th Cir. 2010). "Prejudice," in this context, refers to delay, expense, and damage to a party's legal position. *Id.* Three factors are particularly relevant in evaluating a claim of prejudice: (1) the

extent to which pretrial activity has focused on the arbitrable claims; (2) the time and expense involved in defending against a motion for summary judgment; and (3) how long the party delayed in asserting its right to arbitration. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004).

Here, *none* of Time Warner Cable's actions constitute a waiver of its right to arbitrate Defendants' claims or prejudiced Defendants in any way. Time Warner Cable filed its Original Answer on April 5, 2012. (*See* TWC's Answer (Doc. 23).) After filing its Original Answer, Time Warner Cable began reviewing its files and collecting documents associated with this lawsuit, during which Time Warner Cable discovered the arbitration provision. Accordingly, on June 20, 2012, Time Warner Cable filed its Motion for Leave to File Its First Amended Answer, which amended answer included an assertion of the arbitration provision. (*See generally* TWC's Am. Answer Ex. A (Doc. 30-1) at 5.)

As for discovery, although Time Warner Cable participated in the depositions of three witnesses, those depositions were arranged by J&J Sports and Defendants before Time Warner Cable even appeared in this lawsuit and Time Warner Cable's attorney questioned the witnesses for only a fraction of the deposition time. Time Warner Cable did not seek any written discovery from Defendants and Defendants did not seek any from Time Warner Cable, nor did Defendants depose any of Time Warner Cable's witnesses.

Time Warner Cable did file a motion for summary judgment, on June 20, 2012, but that motion is an entirely defensive motion, as Time Warner Cable seeks only the dismissal of Defendants' claims against it. (*See generally* TWC's Mot. for Summ. J. (Doc. 33).) Although Defendants have not introduced any evidence of the time and expense involved in responding to Time Warner Cable's motion, a review of the responses indicates that such time and expense was

largely duplicative of that incurred in responding to J&J Sports' Motion for Summary Judgment. Defendants submitted much of the same evidence and factual assertions in response to both motions and only twelve pages of Defendants' responsive briefing, out of forty-eight total pages, is devoted solely to the claims against Time Warner Cable.

Importantly, concurrent with the filing of its Motion for Summary Judgment, on June 20, 2012, Time Warner Cable also filed its Motion to Dismiss in Favor of Arbitration. (*See generally* TWC's Mot. to Dismiss.) This filing was timely. *See Tristar*, 97 F. App'x at 464 (holding that a delay of eight months before filing a motion to compel arbitration did not constitute waiver).

As the Fifth Circuit has held, *none* of these actions, either alone or the in the aggregate, constitutes a waiver of the parties' agreement to arbitrate. And this Court should resolve any doubts "in favor of arbitration, whether the problem at hand is the construction of the contract language itself or any allegation of waiver, delay or a like defense to arbitrability." *Tristar*, 97 F. App'x at 464 (quoting *Moses*, 460 U.S. at 25).

Because Defendants did not prove that Time Warner Cable waived the arbitration provision, and because Time Warner Cable has not sought to litigate Defendants' claims in this Court rather than in arbitration, the Court should hold that Time Warner Cable did not waive the arbitration provision and dismiss Defendants' third party complaint in favor of arbitration.

### III. CONCLUSION

For the foregoing reasons, and those briefed in its Motion to Dismiss, Time Warner Cable respectfully requests that the Court dismiss Defendants' third party claims in favor of arbitration. In the alternative, Time Warner Cable respectfully requests that the Court stay the third-party claims so that the claims may be resolved in accordance with the Agreement.

**THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC**     **PAGE 10**
**d/b/a TIME WARNER CABLE'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS THIRD PARTY COMPLAINT IN FAVOR OF ARBITRATION**
4830-2882-4826-6631-4512

Dated: July 25, 2012 Respectfully submitted,

 /s/ Elizabeth Y. McElroy
John T. Cox III
Texas Bar No. 24003722
Elizabeth Y. McElroy
Texas Bar No. 24067758
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR THIRD PARTY DEFENDANT TIME WARNER NY CABLE, LLC d/b/a TIME WARNER CABLE**

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that true and correct copies of *Third Party Defendant Time Warner NY Cable, LLC d/b/a Time Warner Cable's Reply in Support of Its Motion to Dismiss Third Party Complaint in Favor of Arbitration* were duly served upon all parties listed below by electronic service on July 25, 2012.

| | |
|---|---|
| *Via ECF* | *Via ECF* |
| Andrew R. Korn | William J. Dunleavy |
| David M. Diaz | LAW OFFICES OF WILLIAM J. DUNLEAVY, P.C. |
| KORN, BOWDICH & DIAZ, L.L.P. | 8140 Walnut Hill Lane |
| 4221 Avondale Avenue | One Glen Lakes, Suite 950 |
| Dallas, Texas 75219 | Dallas, Texas 75231 |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANTS |

 /s/ Elizabeth Y. McElroy
Elizabeth Y. McElroy