IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:10-CV-02489-BF |
| § | |
| MANDELL FAMILY VENTURES, § LLC, et al, § § | |
| Defendants/Third-Party Plaintiffs, § § | |
| v. § § | |
| TIME WARNER NY CABLE, LLC § d/b/a TIME WARNER CABLE, § § | |
| Third-Party Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court for decision is Third-Party Defendant Time Warner NY Cable, LLC d/b/a Time Warner Cable's ("Time Warner Cable") Motion to Dismiss Third-Party Complaint in Favor of Arbitration (doc. 31, "Motion to Dismiss"), filed on June 20, 2012. Third-Party Plaintiffs Mandell Family Ventures, LLC, Individually and d/b/a Greenville Avenue Pizza Company ("Greenville Avenue Pizza") and Samuel J. Mandell, III, Individually and d/b/a Greenville Avenue Pizza Company ("Mandell") filed an untimely response on July 13, 2012. Time Warner Cable filed its reply on July 25, 2012. In the Motion to Dismiss, Time Warner Cable is requesting this Court to dismiss without prejudice Third-Party Plaintiffs' claims, or in the alternative, to stay their claims pending the outcome of arbitration. For the following reasons, the Court **GRANTS** the Motion to Dismiss, in part, as to Greenville Avenue Pizza, and **DENIES** as **MOOT** the Motion to Dismiss as to Mandell.

**Background**

J&J Sports Productions, Inc. (J&J Sports) originally filed this lawsuit against Greenville Avenue Pizza and Mandell alleging violations of the federal Communications Act of 1934. (Pl.'s Orig. Compl. at ¶ 4.) J&J Sports is a license company and was the broadcast licensee of the closed-circuit telecast of the December 8, 2007 Mayweather/Hatton Welterweight Championship Fight (the "Fight"). (*Id.* at 6.) J&J Sports alleges that Greenville Avenue Pizza and Mandell willfully intercepted or received the communication of the Fight and allowed patrons at Greenville Avenue Pizza to view the Fight. (*Id.* at ¶¶ 12-15.) J&J Sports claims that these patrons otherwise would not have been able to watch the Fight unless they were at a commercial establishment that was properly licensed and authorized to show the Fight. (*Id.* at ¶ 15.)

In turn, Greenville Avenue Pizza and Mandell filed a Third-Party Complaint against Time Warner Cable seeking indemnification and alleging causes of action for breach of contract and fraud. (*See* Defs.' Third Party Compl.) Greenville Avenue Pizza and Time Warner Cable entered into a Commercial Services Agreement on September 20, 2007. (*Id.* at 10.) Pursuant to this Commercial Services Agreement, Time Warner Cable sold cable television services to Greenville Avenue Pizza. Greenville Avenue Pizza and Mandell claim that they purchased the Fight from Time Warner Cable on December 8, 2007. (*Id.* at ¶ 5.) They also allege that Time Warner Cable charged them $54.95 for the Fight, and that they paid this amount. (*Id.* at ¶¶ 6-7.) Pursuant to paragraph 8 of the Commercial Services Agreement, the parties incorporated the Time Warner Cable Commercial Services Agreement's Terms and Conditions ("Terms and Conditions"). (Third Party Def.'s Mot to Dismiss App. at 001-002.) The following arbitration provision was included in the Terms and Conditions:

> Except for claims for injunctive relief, as described below, any past, present,

> or future controversy or claim arising out of or related to this agreement shall be resolved by binding arbitration administered by the American Arbitration Association under its commercial arbitration rules, including, if applicable, the supplementary procedures for the resolution of consumer related disputes. Consolidated or class action arbitrations shall not be permitted. The arbitrator of any dispute or claim brought under or in connection with this agreement shall not have the power to award injunctive relief; injunctive relief may be sought solely in an appropriate court of law. No claims subject to arbitration under this agreement may be combined with a claim subject to resolution before a court of law. The arbitrability of disputes shall be determined by the arbitrator. Judgment upon an award may be entered in any court having competent jurisdiction. If any portion of this section is held to be unenforceable, the remainder shall continue to be enforceable.

(*Id.* at 016.) Because Greenville Avenue Pizza and Mandell are alleging violations that arise out of the Commercial Services Agreement, Time Warner Cable now seeks to compel arbitration in accordance with the agreement signed by the parties.

## **Standard of Review**

The Federal Arbitration Act ("FAA") was enacted to ensure judicial enforcement of arbitration agreements, since arbitration is fundamentally a matter of contract. *Rent–A–Center, West, Inc. v. Jackson,* 130 S.Ct. 2772, 2776 (2010). The FAA "provides that pre-dispute arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Carter v. Countrywide Credit Indus.,* 362 F.3d 294, 297 (5th Cir. 2004) (quoting 9 U.S.C. § 2). The Supreme Court has observed that "[t]he FAA thereby places arbitration agreements on an equal footing with other contracts ... and requires courts to enforce them according to their terms." *Rent–A–Center,* 130 S.Ct. at 2776. Under the FAA, a district court cannot exercise discretion as to the enforcement of arbitration agreements because the FAA mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. 9 U.S.C. §§ 3, 4; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).


Nevertheless, arbitration agreements, "[l]ike other contracts ... may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (citing *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

There is a strong federal policy in favor of enforcing arbitration agreements. *Dean Witter Reynolds,* 470 U.S. at 217; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). When a motion to compel arbitration is made, the FAA requires district courts to compel arbitration of those arbitrable claims. *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.,* 767 F.2d 1140, 1147 (5th Cir.1985). Because of the strong presumption in favor of arbitration, "a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter,* 362 F.3d at 297.

When deciding a motion to compel arbitration, courts should undertake a two-step inquiry. *Washington Mut. Finance Group v. Bailey,* 364 F.3d 260, 263 (5th Cir.2004). The first step necessarily requires a finding by the Court that the parties agreed to arbitrate the dispute at issue. *Id.* The next step involves the determination of whether any federal statute or policy renders the claims nonarbitrable. *Id.*

The first inquiry requires two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257–58 (5th Cir.1996). While state law governs the first consideration, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Id.* at 258.

## Analysis

On September 20, 2007, Greenville Avenue Pizza and Time Warner Cable entered into a valid

Commercial Services Agreement which contained an arbitration provision. Greenville Avenue Pizza's claims for breach of contract, fraud, and indemnification fall squarely within the scope of arbitrable claims identified in the arbitration provision. It does not appear that Greenville Avenue disputes this. In his deposition, Mandell testified that, as a representative of Greenville Avenue Pizza, he agreed to be bound by the Terms and Conditions of the Commercial Services Agreement. (Third Party Def.'s Mot to Dismiss App., Depo. Mandell at 027.) Mandell further stated that he agreed to be bound by the arbitration provision contained in those Terms and Conditions. (*Id.* at 028.) Furthermore, in their response to the Motion to Dismiss, the only argument presented against enforcement of the arbitration agreement with Greenville Avenue Pizza is that Time Warner Cable waived its right to invoke the arbitration provision.[1] (Third Party Pls.' Resp. to Mot to Dismiss at 21.) The Court finds that the first inquiry has been satisfied.

In its response to the Motion to Dismiss, Greenville Avenue Pizza claims that Time Warner Cable waived its right to invoke the arbitration provision "by their deliberate actions to pursue this litigation inconsistent with any supposed right to arbitration." (*Id.*) A party waives its right to arbitration when it pursues arbitration only after first unsuccessfully attempting to litigate its claims. *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.,* 304 F.3d 476, 484 (5th Cir. 2002). However, a party may also waive its right to arbitration if the party has engaged in some overt act "that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (internal quotations omitted) (quoting *Subway Equip. Leasing Corp. v. Forte,* 169 F.3d 324, 329 (5th

---

[1] The Court notes that Third-Party Plaintiffs also make the arguments that there is no valid arbitration agreement between Plaintiff and Defendants/Third-Party Plaintiffs, nor is there a valid agreement between Mandell and Time Warner Cable. However, Third-Party Plaintiffs do not argue the lack of a valid arbitration agreement between Greenville Avenue Pizza and Time Warner Cable.

Cir.1999)). The party contesting arbitration and claiming waiver bears a heavy burden to establish that claim. *Id.* There is a strong federal presumption against a finding of waiver and any doubts must be resolved in favor of arbitration. *Id.* (citation omitted).

Greenville Avenue Pizza makes the blanket assertion that Time Warner Cable waived its right to arbitration by pursuing litigation without offering any additional arguments to support this claim, nor citing to any legal authority. While it is true that Time Warner Cable filed a motion for summary judgment in this matter, it also concurrently filed a motion to dismiss in favor of arbitration. The filing of a motion for summary judgment from a defensive posture, while also simultaneously filing a motion to compel arbitration, removes any doubt as to waiver. *See Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897-98 (5th Cir. 2005). Furthermore, although Time Warner Cable participated in the discovery process by attending depositions scheduled by Plaintiff and Defendants/Third-Party Plaintiffs, Time Warner Cable did not seek any written discovery from Defendants. Participation in the discovery process does not constitute evidence of waiver, so long as the party does not "shower [] [the opposing party] with interrogatories and discovery requests." *Id.* at 898 (quoting *Steel Warehouse Co. v. Abalone Shipping Ltd. of Nicosai*, 141 F.3d 234, 238 (5th Cir.1998)). The Court finds that Time Warner Cable did not waive its right to invoke the arbitration provision, and Greenville Avenue Pizza clearly did not meet its heavy burden to demonstrate waiver. Therefore, the second prong of the inquiry has been met.

The Court finds that Greenville Avenue Pizza and Time Warner Cable agreed to arbitrate the dispute at issue, and that there is no federal statute or policy which renders the claims nonarbitrable. Thus, the Court should compel arbitration between the parties. Since Greenville Avenue Pizza makes the argument that their claims should not be dismissed in favor of arbitration because Plaintiff and

6

Defendants did not agree to arbitrate their dispute, the Court now turns to this issue.

In the Fifth Circuit, the law is clear that "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.,* 97 F. App'x 462, 466 (5th Cir. 2004) (quoting *Moses H. Cone,* 460 U.S. at 20). In fact, the FAA does not merely contemplate piecemeal litigation, but instead "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Id.* (quoting *Moses H. Cone,* 460 U.S. at 20). Therefore, the Court finds that the arbitration agreement should be enforced as to Greenville Avenue Pizza and Time Warner Cable, even if that means Greenville Avenue Pizza's two disputes will be resolved separately - one in arbitration and the other in federal-court litigation. *See Moses H. Cone,* 460 U.S. at 20.

Considering the Court has found that arbitration must be compelled as to Greenville Avenue Pizza and Time Warner Cable, the Court must now determine whether to stay the claims pending the outcome of arbitration or to dismiss the claims without prejudice. Greenville Avenue Pizza makes no argument as to the former or the latter. Section 3 of the FAA "provides that when claims are properly referable to arbitration, that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete." *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992) (citing 9 U.S.C. § 3). However, in the proper circumstances, courts may also dismiss a case in favor of arbitration. *Id.* "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Id.* (citations omitted).

Time Warner Cable requests this Court to dismiss the claims of Third-Party Plaintiffs and contends that the holding in *Alford* supports such dismissal. However, courts in the Fifth Circuit interpreting the *Alford* case have only found dismissal appropriate over a stay when *all* of the issues

7

regarding *all* of the parties are arbitrable. *See Jureczki v. Banc One Texas, N.A.*, 252 F.Supp.2d 368, 380 (S.D. Tex. 2003), *aff'd sub nom. Jureczki v. Bank One Texas, N.A.*, 75 F. App'x 272 (5th Cir. 2003) ( holding that "[b]ecause there are no live controversies remaining in this action, the court concludes that it should dismiss plaintiffs' claims without prejudice"); *Bilyeu v. Johanson Berenson LLP*, No. 1:08-CV-02006, 2010 WL 3808375, *2 (W.D. La. Sept. 27, 2010) (explaining that "Fifth Circuit courts subsequent to *Alford* have decided hundreds of motions to compel ... [s]paringly few have ordered dismissal instead of a stay"); *Armstrong v. Associates Int'l Holdings Corp.*, 242 F. App'x 955, 959 (5th Cir. 2007) (explaining that "the Fifth Circuit encourages district courts to dismiss cases with nothing but arbitrable issues because staying the action serves no purpose"); *Bank One, Louisiana, N.A. v. Cameron*, No. 01-0267, 2001 WL 1287118, *4 (E.D. La. Oct. 22, 2001) (holding dismissal warranted in the case "because the entire matter is encompassed by the arbitration clause"); *Sea-Land Serv., Inc. v. Sea-Land of Puerto Rico, Inc.*, 636 F. Supp. 750, 757 (D.P.R. 1986) ("[g]iven our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose"). Because this action involves parties and issues which are not subject to arbitration, the Court deems that staying the third-party claims is more appropriate than dismissal.

## Conclusion

For the foregoing reasons, the Court GRANTS the Motion to Dismiss, in part, as to Greenville Avenue Pizza. It is, hereby, ORDERED that Greenville Avenue Pizza and Time Warner Cable submit their dispute to arbitration as agreed upon in the Commercial Services Agreement signed by both parties. It is, further, ORDERED that Greenville Avenue Pizza's third-party claims against Time Warner Cable are hereby STAYED pending the outcome of a resolution through arbitration.

Additionally, due to this Court's ruling on Third-Party Defendant's Motion for Summary Judgment, the Court DENIES as MOOT the Motion to Dismiss as to Mandell.

SO ORDERED, October 2, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE