IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-02489-BF |
| | § | |
| MANDELL FAMILY VENTURES, LLC, et al, | § | |
| | § | |
| Defendants/Third-Party Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| TIME WARNER NY CABLE, LLC d/b/a TIME WARNER CABLE, | § | |
| | § | |
| Third-Party Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court for decision is Third-Party Defendant Time Warner NY Cable, LLC d/b/a Time Warner Cable's ("Time Warner Cable") Motion for Summary Judgment (doc. 33), filed on June 20, 2012. Third-Party Plaintiffs Mandell Family Ventures, LLC, Individually and d/b/a Greenville Avenue Pizza Company ("Greenville Avenue Pizza") and Samuel J. Mandell, III, Individually and d/b/a Greenville Avenue Pizza Company ("Mandell") filed an untimely response on July 13, 2012. Time Warner Cable filed its reply on July 25, 2012. In the Motion for Summary Judgment, Time Warner Cable is requesting this Court to dismiss Third-Party Plaintiffs' claims and grant summary judgment in its favor. For the following reasons, the Court **GRANTS** the Motion for Summary Judgment as to Mandell, and **DENIES** as **MOOT** the Motion for Summary Judgment as to Greenville Avenue Pizza.[1]

---

[1] The Motion for Summary Judgment is moot as to Greenville Avenue Pizza because this Court has ordered Greenville Avenue Pizza and Time Warner Cable into arbitration and stayed the legal proceedings between them.

**Standard of Review**

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Once the moving party has made an initial showing that there is no evidence to support the

nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir.1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 7 (5th Cir.1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

Evidence on summary judgment may be considered to the extent that it is not based on hearsay or other information that is not admissible at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *see* Fed.R.Civ.P. 56(e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence ..."). This Court will consider only competent summary-judgment evidence in considering whether Time Warner Cable is entitled to summary judgment.

3

**Undisputed Material Facts[2]**

On September 20, 2007, Time Warner Cable and Greenville Avenue Pizza entered into the Commercial Services Agreement (the "Agreement"), through which Time Warner Cable agreed to provide cable television service to Greenville Avenue Pizza. (*See* App. at 1-2.) Pursuant to Paragraph 8 of the Agreement, the parties incorporated the Time Warner Cable Commercial Service Agreement Terms and Conditions (the "Terms and Conditions") into their Agreement. (*See* App. at 2, ¶ 8.) Upon executing the Agreement, Mandell, who signed the Agreement as the corporate representative of Greenville Avenue Pizza, agreed that he had read the Terms and Conditions and that Greenville Avenue Pizza agreed to be bound by the Terms and Conditions. (App. at 2, ¶ 8.) Mandell later testified that Greenville Avenue Pizza agreed to be bound by all of the various provisions in the Terms and Conditions. (*See* App. at 55:5-25; 56:1-23; 59:13-25; 60:1-4; 61:7-25; 62:1-19; 63:11-21; 64:1-16; 66:25; 67:1-20.)

On December 8, 2007, Greenville Avenue Pizza purchased a pay-per-view event, the Mayweather v. Hatton boxing match, from Time Warner Cable. (Defs.' Third Party Compl. at ¶ 5.) Mandell testified that he authorized an employee of Greenville Avenue Pizza to purchase the pay-per-view event after Mandell spoke with the employee. (*See* App. at 52:21-25; 53:1-17.) Mandell did not speak with any representative of Time Warner Cable directly and did not hear his employee's alleged conversation with Time Warner Cable. (*See* App. at 54:3-14; 51:14-20.) Mandell's employee told Mandell that the cost to purchase the pay-per-view event was approximately $50.00 and Mandell authorized the employee to purchase the event. (*See* App. at 54:1-3; 53:3-14.)

Through Time Warner Cable's affiliates' agreement with HBO Pay-Per-View, Time Warner Cable

---

2  These facts were taken from Time Warner Cable's Motion for Summary Judgment and Appendix in support thereof. The Appendix to the Motion for Summary Judgment is designated as (App.) in this Opinion.

was authorized to sell the December 8, 2007 pay-per-view event to residential customers. (*See* App. at 25.) Other companies, such as Plaintiff J&J Sports Productions, Inc. ("J&J Sports"), were licensed to sell the December 8, 2007 pay-per-view event to commercial customers. (*See* App. at 25.) Time Warner Cable's agreement with HBO Pay-Per-View expressly provided that if Time Warner Cable distributed the December 8, 2007 pay-per-view event to a commercial customer then Time Warner Cable's sole liability was the payment of an amount equal to the commercial rate card amount charged by the commercial licensee for the December 8, 2007 pay-per-view event. (*See* App. at 25-26.)

The amount of the rate card applicable in this case, given the number of patrons that Greenville Avenue Pizza can accommodate, is $2,000.00. (*See* App. at 49; 51:4-9.) Time Warner Cable has previously agreed to tender this amount to J&J Sports.

On December 7, 2010, J&J Sports filed its Original Complaint against Defendants, in which J&J Sports alleged that Defendants violated 47 U.S.C. § 553 and 47 U.S.C. § 605 by broadcasting the December 8, 2007 pay-per-view event without first paying a license fee to J&J Sports. (*See* Pl.'s Compl. at ¶¶ 10, 18, 19.)

On November 11, 2011, Defendants filed their Third Party Complaint against Time Warner Cable. (*See* Defs.' Third Party Compl.) In that Third Party Complaint, Defendants allege that "they are entitled to recover contribution and/or indemnification from Third Party Defendant Time Warner Cable for any and all damages, penalties, expenses, attorney's fees and costs that may be awarded in any judgment for" J&J Sports and against Defendants. (Defs.' Third Party Compl. at ¶ 2.) Defendants also allege that Time Warner Cable breached the parties' Agreement by selling Defendants the December 8, 2007 pay-per-view event. (Defs.' Third Party Compl. at ¶¶ 17-22.) Finally, Defendants allege that Time Warner Cable committed fraud by selling Defendants the December 8, 2007 pay-per-view event. (Defs.' Third Party

5

Compl. at ¶¶ 25-31.) Defendants admit that the only damages they seek for Time Warner Cable's alleged breach of contract are attorneys' fees. (*See* App. at 58:1-25.) Defendants also testified that the only section of the Agreement that they claim Time Warner Cable breached is Paragraph 5 of the Agreement, which is the Agreement's indemnity provision. (*See* App. at 57:8-15.) The only alleged fraudulent representation that Defendants claim Time Warner Cable made was "[t]he fact that they represented they could sell a fight, which they did not have the authorization to do so," but Defendants admit that they did not hear Time Warner Cable make this representation, thus Defendants do not know what specific representations were made, if any. (*See* App. at 57:21-25; 58:1-20.) Defendants also testified that the basis of their fraud claim is a belief that Time Warner Cable had a duty to disclose information to Defendants. (*See* App. at 67:24-25; 68:1.)

## Time Warner Cable's Objections

Time Warner Cable objects to the submission of Defendants/Third-Party Plaintiffs' late-filed response and evidence in support thereof. Time Warner Cable filed its Motion for Summary Judgment on June 20, 2012. Pursuant to the Northern District of Texas' Local Rule 7.1(e) and Federal Rule of Civil Procedure 6(a)(1), Third-Party Plaintiffs' response was due by July 11, 2012. Third-Party Plaintiffs did not file their response until July 13, 2012. Third-Party Plaintiffs failed to request an extension of time from this Court or leave to file a late response. Pursuant to Federal Rule of Civil Procedure 6(b), a court may extend the time of a deadline for good cause with or without a motion before the original time or its extension expires, or after the time has expired upon motion of the party and a showing of excusable neglect. FED. R. CIV. P. 6(b). Because Third-Party Plaintiffs did not file a motion, request an extension, or make a showing of excusable neglect, this Court is unable to discern whether good cause would have existed for an extension. Accordingly, Time Warner Cable's objection to the admission of Third-Party

6

Plaintiffs' response and evidence in support is SUSTAINED.

## Analysis

**Breach of Contract**

Mandell claims that Time Warner Cable breached the Agreement by selling the pay-per-view event to Greenville Avenue Pizza when it was not authorized to sell the event to commercial establishments. (Defs.' Third Party Compl. at ¶¶ 17-22.)

A plaintiff must have standing in order to maintain a suit in Texas for breach of contract. *See OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 735 (Tex. App. 2007) (explaining that under Texas law, standing is a "constitutional prerequisite" to maintaining a lawsuit). To establish standing for a breach of contract claim, a plaintiff must demonstrate either third-party beneficiary status or privity of contract. *Id.* at 737 (citing *Neal v. SMC Corp.,* 99 S.W.3d 813, 817 (Tex. App.-Dallas 2003, no pet.); *Redmon v. Griffith,* 202 S.W.3d 225, 239 (Tex. App.-Tyler 2006, pet. denied)). For purposes of standing, "[p]rivity is established by proving that the defendant was a party to an enforceable contract with either the plaintiff or a party who assigned its cause of action to the plaintiff." *Id.* (quoting *Redmon*, 202 S.W.3d at 239). "Where a corporation enters into a contract, the officer's signature on the contract, with or without a designation as to his representative capacity, does not render him personally liable under the contract." *Redmon,* 202 S.W.3d at 239 (citing *Robertson v. Bland,* 517 S.W.2d 676, 678 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ dism'd)).

Here, Greenville Avenue Pizza and Time Warner Cable entered into the Agreement, whereby Time Warner Cable would provide cable television service to Greenville Avenue Pizza. Upon execution of the Agreement, Mandell signed the Agreement, acting as Greenville Avenue Pizza's corporate representative. Mandell denies that he is a party to the Agreement and fails to allege any facts to demonstrate that he is

7

a third-party beneficiary of the Agreement. (Third Party Def.'s Reply Br. at 3.) Instead, Mandell claims that he only signed the Agreement as a representative of Greenville Avenue Pizza and that he did not agree to be a party to the Agreement or to be personally bound by its Terms and Conditions. (*Id.* at 3-4.)

The Court finds that Mandell's signature on the Agreement does not render him personally liable under the contract. *See Redmon,* 202 S.W.3d at 239. Furthermore, since Mandell fails to allege any facts that he was a third-party beneficiary of the contract, and adamantly denies privity of contract, Mandell lacks standing to assert a cause of action for breach of contract against Time Warner Cable. Accordingly, this claim fails as a matter of law.

**Fraud**

Similar to his breach of contract allegation, Mandell claims that Time Warner Cable committed fraud by representing that it had authority to sell the pay-per-view event to Greenville Avenue Pizza when it had no such authority. (Defs.' Third Party Compl. at ¶¶ 25-31.)

In Texas, to state a claim for fraud a plaintiff must demonstrate: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (citing *Aquaplex, Inc. v. Rancho La Valencia, Inc.,* 297 S.W.3d 768, 774 (Tex.2009) (per curiam)). Furthermore, in order to have standing to assert a fraud claim, a plaintiff must be "personally aggrieved" by or suffer a direct injury from the defendant. *See Asshauer v. Wells Fargo Foothill,* 263 S.W.3d 468, 472 (Tex. App.-Dallas 2008, pet. denied).

8

Here, Time Warner Cable spoke with an employee of Greenville Avenue Pizza regarding the purchase of the pay-per-view event. Mandell was not a party to that conversation and is unaware of the details of that conversation. However, Greenville Avenue Pizza's employee told Mandell that it would cost approximately $50 to purchase the pay-per-view event. Mandell, acting as corporate representative of Greenville Avenue Pizza, gave the employee authorization to purchase the pay-per-view event. Greenville Avenue Pizza paid Time Warner Cable $54.95 for the broadcasting of the pay-per-view event. (Third Party Def.'s Reply Br. at 5-6.) Mandell has failed to allege any facts which would demonstrate that he has been "personally aggrieved" by Time Warner Cable or that he has suffered direct injury. Instead, Mandell consistently claims that all of his actions were performed in his capacity as the corporate representative of Greenville Avenue Pizza. Furthermore, any potential damages to Mandell as a result of Plaintiff's lawsuit, would be indirect injury from Time Warner Cable's actions, and not justiciable or ripe at this time. The Court finds that Greenville Avenue Pizza may have suffered direct injury from the actions of Time Warner Cable, but any injury Mandell may potentially suffer is "indirect to and duplicative of" Greenville Avenue Pizza's right of action against Time Warner Cable. *See Asshauer,* 263 S.W.3d at 472.

Because Mandell cannot prove that he suffered a direct injury from Time Warner Cable, he does not have standing to assert a claim for fraud. Furthermore, he also thereby cannot demonstrate an element which is essential to his claim and for which he has the burden of proof at trial, and therefore his allegation of fraud fails. *See Celotex,* 477 U.S. at 322-23.

**Contribution/Indemnification**

Although not raised as a cause of action, Mandell alleges that he is entitled to recover contribution and/or indemnification from Time Warner Cable for any damages, penalties, expenses, attorney's fees, and costs that may be awarded in any judgment for Plaintiff J&J Sports against Mandell. (Defs.' Third

9

Party Compl. at ¶ 2.)

Ripeness is an element of subject matter jurisdiction, which a court can raise sua sponte. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex.1993). For an issue to be considered ripe, *at the time a lawsuit is filed*, the facts must be sufficiently developed "so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851-52 (Tex. 2000). Whether an issues is ripe turns on whether the case involves "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *Id.* at 852. The focus is on whether the plaintiff has suffered a concrete injury. *Id.* If determining whether the plaintiff has suffered a concrete injury is based on "contingent or hypothetical facts, or upon events that have not yet come to pass", a case is not ripe. *Id.* Claims for contribution and indemnity accrue only when payment is made or judgment is rendered. *See Hendricks v. Thornton*, 973 S.W.2d 348, 373 (Tex. App.– Beaumont 1998, pet. denied).

Here, Mandell seeks contribution and/or indemnification if a judgment is awarded against him in favor of Plaintiff J&J Sports. Plainitff's lawsuit against Defendants Greenville Avenue Pizza and Mandell is still pending in this Court. Thus, whether Mandell suffers a concrete injury depends on the outcome of federal litigation, which has not yet been resolved. *See Waco Indep. Sch. Dist.,* 22 S.W.3d at 852. There has been no judgment issued, payment made, or liability finding against Mandell. Mandell's claims for contribution and indemnity are therefore not ripe, and this Court does not have jurisdiction to hear the claims.

## **Conclusion**

For the foregoing reasons, the Court GRANTS the Motion for Summary Judgment as to Mandell. It is, hereby, ORDERED that Mandell's third-party claims of Breach of Contract and Fraud against Time

Warner Cable are DISMISSED WITH PREJUDICE.

Additionally, due to this Court's ruling on Third-Party Defendant's Motion to Dismiss in Favor of Arbitration, the Court DENIES as MOOT the Motion for Summary Judgment as to Greenville Avenue Pizza.

SO ORDERED, October 2, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE