## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | § | |
| **as Broadcast Licensee of the December 8,** | § | |
| **2007 "Undefeated:" Mayweather/Hatton** | § | |
| **Event,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **No. 3:10-CV-2489-BF** |
| | § | |
| **MANDELL FAMILY VENTURES, LLC,** | § | |
| **Individually and d/b/a GREENVILLE** | § | |
| **AVENUE PIZZA COMPANY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM OPINION & ORDER</u>

Plaintiff J&J Sports Productions, Inc. ("Plaintiff") has filed a Motion to Compel Post-Judgment Discovery and for Reasonable Expenses from Defendants ("Motion to Compel") in this anti-piracy case brought under the Federal Communications Act of 1934, as amended (the "FCA"), 47 U.S.C. § 521, *et seq.* By its motion, Plaintiff seeks an order compelling Defendants Mandell Family Ventures, LLC and Samuel Mandell, III ("Defendants") to (1) deliver complete answers to all post-judgment interrogatories; and (2) deliver all documents requested in the post-judgment requests for production. *See* Mot. to Compel [D.E. 74 at 1]. Plaintiff also seeks to have the Court deem as admitted all post-judgment requests for admission. *See id.* [D.E. 74 at 10-11]. In addition, Plaintiff seeks an award of reasonable expenses, including attorney's fees, incurred in bringing this Motion to Compel. *See id.* [D.E. 74 at 1].

On April 1, 2013, the Court entered its Amended Partial Final Judgment against Defendants, jointly and severally, and ordered them to pay $350.00 in statutory damages and $26,780.30 in

attorney's fees. Am. Partial Final J. [D.E. 72 at 1]. Further, Defendants were enjoined from intercepting or exhibiting an unauthorized program in violation of the FCA. *Id.* [D.E. 72 at 1-2]. When Defendants failed to pay the Judgment, Plaintiff served them with various post-judgment discovery requests to obtain information to aid in the enforcement of the Judgment. *See* Mot. to Compel [D.E. 74 at 2-3]. Defendants objected to the post-judgment discovery on the following grounds: (1) the post-judgment discovery request is premature because there has not been a final judgment and the request violates Federal Rule of Civil Procedure 62a; (2) Under Federal Rule of Civil Procedure 26 and 33, the discovery deadline has passed; (3) the requests were not reasonably calculated to aide in the collection of the judgment; and (4) the discovery requests were unduly burdensome to answer, were served to harass Defendants and invade Defendants' privacy. *See id.* [D.E. 74 at 3-4; 74-1; 74-3].

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery from any person, including the judgment debtor, to identify assets upon which execution may be made.  FED. R. CIV. P. 69(a)(2). The scope of post-judgment discovery is "very broad." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995); *T-M Vacuum Prods., Inc. v. Taisc, Inc.*, No. H-07-4108, 2008 WL 5082413, at *1 (S.D. Tex. Nov. 25, 2008) (quoting 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 69.04 (2008)) ("The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor."). Further, Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests. FED. R. CIV. P. 69(a)(2);  *Nat'l Satellite Sports v. Elizondo*, No. 3:00-CV-2297-L, 2003 WL 21507362, at *1 (N.D.

Tex. Apr. 25, 2003). If a motion to compel post-judgment discovery is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A).

Upon consideration, Plaintiff's Motion to Compel is granted. Defendants must provide good-faith responses to all of Plaintiff's post-judgment interrogatories and requests for admission and produce all documents responsive to Plaintiff's post-judgment requests for production. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006) ("In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome. . . . A mere statement by a party that a request is overly broad and unduly burdensome is not adequate to voice a successful objection. . . . Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. . . . A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.") (internal quotations and citations omitted). Further, Defendants and their counsel shall be held jointly and severally responsible for Plaintiff's expenses, including attorney's fees, incurred in bringing the instant Motion to Compel. *See Chapman & Cole & CCP, Ltd. v. Itel Container Int'l B.V.*, 865 F.2d 676, 687 (5th Cir. 1989) (a party and its counsel can be held responsible for reasonable expenses caused by their failure to comply with discovery). The evidence establishes that Plaintiff's counsel is entitled to fees in the amount of $1,500.00, which represents six hours of work reasonably expended in bringing the motion at the reasonable blended billing rate of $250 per hour. Aff. of Andrew R. Korn [D.E. 74-4 at 3-4].

## Conclusion

Plaintiff's Motion to Compel [D.E. 74] is **GRANTED in part**. To the extent that Plaintiff seeks to have the post-judgment requests for admission deemed admitted, such request is **DENIED**. Plaintiff's remaining requests in the Motion to Compel are **GRANTED**. Therefore, Defendants shall deliver to Plaintiff's counsel no later than **April 28, 2014** (1) good-faith responses to all of Plaintiff's post-judgment interrogatories and requests for admission; and (2) documents responsive to all of Plaintiff's post-judgment requests for production. Further, Defendants and their counsel are ordered to pay Plaintiff a total of $1,500.00 for reasonable expenses incurred in bringing this Motion to Compel.

SO ORDERED, March 31, 2014.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE