UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-CV-2489-BF |
| | § | |
| MANDELL FAMILY VENTURES, LLC, | § | |
| and SAMUEL J. MANDELL, III, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Mandell Family Ventures, LLC and Samuel J. Mandell, III's

("Defendants") Motion for Summary Judgment [D.E. 84]. For the following reasons, the motion is

GRANTED in part and DENIED in part as moot.

## BACKGROUND

On December 7, 2010, Plaintiff J&J Sports Productions, Inc. ("Plaintiff") filed its complaint

against Defendants alleging violations of the Communications Act of 1934, Title 47, United States

Code, Sections 553 ("Section 553") and 605 ("Section 605"). *See* Compl. [D.E. 1 at 5]. Plaintiff

alleged that Defendants broadcasted the closed-circuit Floyd Mayweather, Jr. v. Ricky Hatton WBC

Welterweight Championship on December 8, 2007 without authorization. *See id.* [D.E. 1 at 3].

Plaintiff contended that the closed-circuit broadcast of the fight was not intended for the use of the

general public and could only be exhibited in a commercial establishment if it was contractually

authorized to do so by Plaintiff. *See id.* [D.E. 1 at 3]. On May 10, 2011, Defendants filed their

motion to dismiss on the ground that they received authorization from Time Warner Cable to

broadcast the fight. *See* Mot. to Dismiss [D.E. 10 at 1-2]. Defendants contended that (1) they

purchased the pay-per-view event from Time Warner Cable; (2) Time Warner Cable represented to

Greenville Avenue Pizza Company that it was authorized to sell the rights for it to show the fight to its patrons; (3) Time Warner Cable failed to advise Greenville Avenue Pizza Company that it needed to purchase a broadcast license to show the fight to its patrons; (4) Time Warner Cable knew Greenville Avenue Pizza Company was a commercial establishment; and (5) Defendants had no reason to know of the existence of Plaintiff nor of its claim as the broadcast licensee of the pay-per-view fight. *See id.* [D.E. 10 at 1-2].

On October 5, 2012, the Court granted Plaintiff's motion for summary judgment. *See* Mem. Op. & Order [D.E. 61]. With respect to the Defendants' argument that the receipt of the fight was authorized by Time Warner Cable, the Court relied on *Garden City Boxing Club v. Vinson*, No. 3:03-CV-700-BD, 2003 WL 22077958, at *2 (N.D. Tex. Sept. 3, 2008) which stated the following, "[t]he fact that defendant may have purchased and lawfully received the Lewis-Tyson fight from DirecTV does not immunize her from liability for then broadcasting the event to patrons at her bar without obtaining authorization from plaintiff, the exclusive licensee." *Id.*; Mem. Op. & Order [D.E. 61 at 8]. On April 1, 2013, the Amended Partial Final Judgment was entered awarding Plaintiff statutory damages in the amount of $350.00 and costs and attorneys' fees in the amount of $26,780.30. *See* Am. Partial Final J. [D.E. 72].

On May 1, 2013, Defendants appealed the Court's decision granting Plaintiff's summary judgment motion. *See* Notice of Interlocutory Appeal [D.E. 73]. On June 2, 2014, the United States Court of Appeals for the Fifth Circuit reversed and remanded the Court's decision granting summary judgment in Plaintiff's favor. *See* Op. [D.E. 80]. The Fifth Circuit determined that liability does not extend to Defendants under Section 553 if they received permission from Time Warner Cable because the "text of the statute unambiguously states that liability extends only to the receipt of cable

services not authorized by a cable operator." *See id.* [D.E. 80 at 4]. The Fifth Circuit explained that because Defendants submitted uncontroverted affidavits from representatives of Time Warner Cable and Greenville Avenue Pizza Company stating that Time Warner Cable authorized the receipt of the broadcast, despite the language of the Service Agreement, Plaintiff failed to meet its summary judgment burden for its Section 553 claim. *See id.* [D.E. 80 at 7-8]. Furthermore, the Fifth Circuit determined that Section 605 is not applicable because it does not apply to the receipt of communications by wire. *See id.* [D.E. 80 at 12].

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution is outcome determinative." *Thompson v. Syntroleum Corp.*, 108 F. App'x 900, 902 (5th Cir. Sept. 3, 2004) (citing *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994)). "An issue is 'genuine' if the evidence is sufficient for a reasonable fact-finder to find in favor of the non-movant." *Id.* A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets his burden, the nonmovant must then point to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All

evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## ANALYSIS

### a. Summary Judgment

In light of the Fifth Circuit's Opinion, Defendants moved for summary judgment on the grounds that: (1) undisputed facts demonstrate that Greenville Avenue Pizza Company received authorization from Time Warner Cable to broadcast the pay-per-view event on December 8, 2007 and therefore could not have violated Section 553; and (2) Section 605 does not apply to communications by wire. *See* Br. in Supp. of Summ. J. Mot. [D.E. 85 at 6-8]. Plaintiff argues that controverting evidence in the record precludes summary judgment because "Defendants' customer agreement with Time Warner Cable specifically warns Defendants that [] not all programming Defendants can receive is authorized . . . and Defendant may have access to infringing content through their service and use the service at their own risk." *See* Resp. [D.E. 88 at 9]. Further, Plaintiff argues that Time Warner Cable expressly prohibited Defendants from the broadcast because their agreement states that "Customer understands and agrees that premium program services, such as HBO, Cinemax, Showtime, and the Movie Channel, may not be received or shown on any television receivers located in any public areas, such as lounges, dayrooms, visiting areas or other common areas used by groups or the general public . . . ." *See id.* [D.E. 88 at 9]. Plaintiff argues that "while the Fifth Circuit held that the information Time Warner Cable provided to Defendants did not establish liability against Defendants as a matter of law, a reasonable juror could apply common sense, review the warnings Time Warner Cable provided Defendants, and disbelieve Defendant Mandell (or determine that Mandell should have done more to ascertain whether Time Warner Cable

4

lacked authority to provide the cable service)." *See id.* [D.E. 88 at 9-10].

The evidence Plaintiff points to here does not create a genuine issue of material fact with respect to its Section 553 claim. In finding that Plaintiff failed to meet its summary judgment burden, the Fifth Circuit pointed to the uncontroverted affidavits of the representatives of Greenville Avenue Pizza Company and Time Warner Cable stating that Defendants had permission from Time Warner Cable to broadcast the fight. *See* Op. [D.E. 80 at 7]. The Fifth Circuit specifically noted that the vice president of Time Warner Cable stated that "Greenville Avenue Pizza Company was authorized by Time Warner Cable to receive the broadcast on cable television of the [fight] on December 8, 2007." *See* Op. [D.E. 80 at 7]. Therefore, it is now Plaintiff's burden to point to evidence that establish a genuine issue of material fact for trial. However, the evidence Plaintiff points to in its response would not cause a reasonable fact finder to rule in Plaintiff's favor in light of the permission given and acknowledged by Time Warner Cable. Therefore, summary judgment is granted with respect to Plaintiff's Section 553 claim. Further, in light of the Fifth Circuit's determination regarding the inapplicability of Section 605 to communications by wire from Time Warner Cable's system, Plaintiff no longer wishes to pursue this claim. *See* Resp. [D.E. 88 at 6]. Therefore, Defendants' request for summary judgment with respect to Plaintiff's Section 605 claim is denied as moot.

### b. Attorneys' Fees

Defendants seek attorney fees under Title 28, United States Code, Section 1927 ("Section 1927") on the ground that Plaintiff continues to prosecute its claims under Sections 553 and 605 when it is clear from the Fifth Circuit's Opinion that such claims are no longer viable. *See* Br. in Supp. of Summ. J. [D.E. 85 at 9]. Section 1927 provides as follows:

Any attorney or other person admitted to conduct cases in any court of the United

5

States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Prior to awarding sanctions under Section 1927, the Court must give detailed explanations as to why the sanctions are warranted. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir.1994). In order to impose Section 1927 sanctions, there must "be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The liability created under Section 1927 is reserved only for excessive costs, expenses and attorneys' fees "incurred because of the attorney's unreasonable and vexatious multiplication of the proceedings." *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). The Fifth Circuit has advised courts to sparingly impose punishment under Section 1927. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994)). Having considered the foregoing, the Court determines that Defendants' request for fees under Section 1927 is not warranted and is therefore denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion for Summary Judgment [D.E. 84] is GRANTED with respect to Plaintiff's Section 553 claim and DENIED as moot with respect to Plaintiff's Section 605 claim. Furthermore, Defendants' request for fees under Section 1927 is DENIED.

**SO ORDERED**, this 26th day of March, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE